UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cr-00162-JRS-MJD ) |
| DONALD BELL, | ) -05 ) |
| Defendant. | ) |

**Entry Denying Motion to Reduce Sentence under the First Step Act**

This matter is before the Court on Defendant Donald Bell's motion for sentence reduction under the First Step Act of 2018. Dkt. 581. For the reasons stated below, the motion, dkt. [581], is **denied**.

## I.  Background

On July 16, 2018, Defendant Donald Bell pleaded guilty to and was convicted of two counts: (1) conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851 ("Count 1"); and (2) possession with intent to distribute methamphetamine on premises where children are present or reside, 21 U.S.C. § 860a ("Count 4"). Dkts. 406, 407. Prior to sentencing, the United States filed an information pursuant to 21 U.S.C. § 851(a)(1), showing that Mr. Bell had previously been convicted of a drug felony. Dkt. 370. Because the United States filed an information under § 851 showing that Mr. Bell had previously been convicted of a drug felony, § 841(b)(1)(viii) (as it existed at the time of sentencing) mandated a minimum sentence of 20 years for Count 1. *See* 21 U.S.C. § 841(b)(1)(viii) (eff. Aug. 34, 2020 to Dec. 20, 2018). The Court sentenced Mr. Bell to 300 months' total imprisonment (representing 240 months for the Count 1 and 60 months for Count

4, consecutive to Count 1) and 10 years of supervised release. Dkts. 406, 407. Judgment was entered on July 18, 2018. Dkt. 407.

In July 2019, Mr. Bell filed a pro se motion seeking a sentence reduction under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Dkt. 581. The Court appointed counsel. Dkt. 582. Counsel appeared but later withdrew. Dkts. 583–585. The Court then ordered Mr. Bell to supplement his pro se motion with any information or argument that might inform the Court's discretion to grant or deny his request. Dkt. 586. Mr. Bell declined to file a supplement, and the Court ordered the United States to respond. Dkt. 602. The United States responded on May 11, 2020. Dkt. 614. Mr. Bell was given an opportunity to reply, *see* dkt. 586, but he has not filed a reply and the time for doing so has passed. Thus, his motion is ripe for decision.

## II.   Discussion

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), to address harsh sentencing disparities between crack cocaine offenses and powder cocaine offenses resulting from irrational and "unjustified race-based differences" in federal sentencing between those types of cases. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences. Section 404(b) of the First Step Act makes sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive to defendants, and it allows district courts to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed. *See* 132 Stat. at 5222 (First Step Act, § 404). Section 404 applies only to offenses committed before August 3, 2010. *Id.*

Section 401(a)(2)(A)(i) of the First Step Act also changed the definition of a predicate conviction for an enhanced sentence under 21 U.S.C. § 851 from a "prior conviction for a felony drug offense" to a "prior conviction for a serious drug felony." *United States v. Mainor*, 2019 WL 3425063, at *3 (S.D. Ill. Dec. 4, 2019); *see also* 132 Stat. at 5220 (First Step Act, § 401(a)(2)(A)(i)). In addition, it reduced the mandatory minimum sentence applicable under 21 U.S.C. § 841(b) when a defendant has a prior conviction for a serious drug felony. 132 Stat. at 5220 (First Step Act, § 401(a)(2)(i)). Under § 841 as amended by § 401 of the First Step Act, a defendant—like Mr. Bell—convicted of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a methamphetamine mixture after conviction of a serious drug felony is now subject to a mandatory minimum sentence of 15 years. 21 U.S.C. § 401(b)(1)(A)(viii). But § 401 of the First Step Act also states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'" 132 Stat. at 5221 (First Step Act, § 401(c)). In other words, § 401 does not apply retroactively. *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *vacated and remanded for further consideration on other grounds*, *Pierson v. United States*, 140 S. Ct. 1291 (2020).

In his motion, Mr. Bell seeks a sentence reduction under the First Step Act. He relies solely on § 401, arguing that the First Step Act "expressly changes the wording and sentence mandatory minimums for the Sec. 851 enhancement from 20 years to a new term of 15 years." Dkt. 581 at 1. Based on this statutory change, he contends that his sentence for Count 1 should be reduced to 15 years. *Id.* at 4. Mr. Bell does not acknowledge that § 401 of the First Step explicitly provides that it is not retroactive. Instead, he cites to cases predating the First Step Act to argue that § 401 should

3

be retroactive because it made "significant" changes to the law. *Id.* at 2–3. This argument is foreclosed by the plain language of the statute and by binding Seventh Circuit precedent, which holds that § 401 does not apply retroactively. *See Jackson*, 940 F.3d at 353–54; *Pierson*, 925 F.3d at 927–28.[1]

To the extent Mr. Bell seeks relief under § 404 of the First Step Act, he is not eligible for a sentence reduction under the plain language of the statute because he was not convicted of an offense involving crack cocaine. *See United States v. Ridlen*, No. 12-CR-40020-NJR-14, 2020 WL 469664, at *2 (S.D. Ill. Jan. 29, 2020) (holding defendant entitled to no relief under First Step Act for methamphetamine offense because First Step applies only to crack cocaine convictions).

### III.   Conclusion

For the reasons stated above, Mr. Bell's motion for sentence reduction under the First Step Act, dkt. [581], is **denied.**

**IT IS SO ORDERED.**

Date:   12/21/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

---

[1] Even construing Mr. Bell's motion liberally, the Court does not understand Mr. Bell to be arguing that the change to § 841 is an extraordinary and compelling reason warranting a sentence reduction for purposes of 18 U.S.C. § 3582(c)(1)(A)(i). And, even if he did make such an argument, his motion would be denied. There is no evidence that he has exhausted administrative remedies as required by § 3582(c)(1)(A). And, even if there were, the Bureau of Prisons lists his release date as November 5, 2038. That is, Mr. Bell has not yet served even close to 15 years—the new mandatory minimum sentence under § 841. As a result, any motion for compassionate release based on the change to the mandatory minimum sentence in § 841 is premature. *Cf. United States v. Fisher*, No. 1:15-cr-157-JMS-MJD-01, dkt. 140 at 5–6 (S.D. Ind. Aug. 25. 2020) (concluding that motion for compassionate release based on change to mandatory minimum sentence under the so-called "stacking" provisions of 28 U.S.C. § 924(c)(1)(C) was premature where defendant had served only 4.5 years, and he claimed he would be sentenced to 14 years if sentenced under the new law).

Distribution:

Donald Bell
Reg. No. 15869-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

All Electronically Registered Counsel